Morten **MORTENSON**, Clair Schillinger, Gerald A. Gunderson, George H. Hill, Orville G. Olson and Vera Olson, Plaintiffs,

v.

**NORTHERN PACIFIC RAILWAY COMPANY, Defendant.**

Civ. No. 1631.

United States District Court
D. Montana,
Helena Division.

Feb. 4, 1969.

Small & Cummins, Helena, Mont., Milton G. Anderson, Sidney, Mont., for plaintiffs.

ticable after January 27, 1969 * * *."

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., Earl F. Requa, Gen. Counsel, Northern Pacific Ry. Co., St. Paul, Minn., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Plaintiffs seek in this action to establish title to the minerals under lands acquired by them or their predecessors from the defendant railway company. The complaint alleges that all of the deeds by which plaintiffs or their predecessors received their lands contained this reservation:

"* * * excepting and reserving unto the grantor, its successors and assigns, forever, all minerals of any nature whatsoever, including coal, iron, natural gas and oil, upon or in said land, together with the use of such of the surface as may be necessary for exploring for and mining or otherwise extracting and carrying away the same;" * * *

Plaintiffs claim no independent source of title.

The claim is that by reason of the laws governing railroad land grants, defendant was not to get title to the minerals and that by virtue of the same laws the plaintiffs, who have conveyances of minerals from neither the United States nor the defendant, did get them. If the assertion of this proposition does not refute it, I do not reach the problem.

■■ In the case of Russell v. Texas Company, 238 F.2d 636 (9 Cir.1956), cert. den. 354 U.S. 938, 77 S.Ct. 1400, 1 L.Ed.2d 1537, the plaintiffs who stood in exactly the same relationship to the defendant railway as do the plaintiffs here, were held estopped to claim the mineral under their lands. While plaintiffs here suggest that their theory of recovery is as a matter of land grant law different from the theory advanced in *Russell*, I am unable to distinguish the case insofar as the estoppel principle is concerned. It is suggested that the court in *Russell* decided that plaintiff had no rights even if he had been in a position to raise them, and hence what was said there with respect to estoppel is dictum. I think not. I think the estoppel point was the main point decided, but if not it was certainly one of the two grounds upon which the result rested. If so, what was said as to estoppel is not dictum. United States v. Title Ins. Co., 265 U.S. 472, 44 S.Ct. 621, 68 L.Ed. 1110 (1924); Van Dyke v. Parker, 83 F.2d 35 (9 Cir.1936).

Defendant's motion for summary judgment is granted and the plaintiffs are denied all relief.