**1314**

disability insurance benefits because the Department decided that Lind was capable of engaging in "substantial gainful activity."[1]  42 U.S.C. §§ 416(i), 423. This decision was affirmed by the agency upon reconsideration, by an examiner after a *de novo* hearing, and by the Department Appeals Council. Lind sought relief in the District Court and now appeals from a summary judgment upholding the Department's decision. 42 U.S.C. § 405(g).

From the record before us, we cannot say that the challenged administrative decision was not supported by substantial evidence.[2]

Affirmed.

Cale Crowley (argued), of Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., Earl F. Requa, Gen. Counsel, St. Paul, Minn., for appellee.

Before CHAMBERS, BROWNING and KILKENNY, Circuit Judges.

PER CURIAM:

Here an effort is made to get mineral rights excluded by the terms of the grant from appellee's predecessor.

The district court was unable to distinguish this case from Russell v. Texas Co. (Northern Pacific Railway Co.) (9th Cir. 1957), 238 F.2d 636, and ruled against plaintiffs-appellants, 295 F. Supp. 158.

We are unable to distinguish Russell either. So we affirm.

Morten **MORTENSON** et al., Plaintiffs and Appellants,

v.

**BURLINGTON NORTHERN, INC.,** a Delaware corporation, Appellee.

No. 24093.

United States Court of Appeals, Ninth Circuit.

Dec. 15, 1970.

**NATIONAL LABOR RELATIONS BOARD,** Petitioner,

v.

**KELLER INDUSTRIES, INC.,** Respondent.

No. 25037.

United States Court of Appeals, Ninth Circuit.

Dec. 22, 1970.

Floyd Small, Helena, Mont. (argued), of Milton G. Anderson, Sidney, Mont., and Dale Cox, Glendive, Mont., for appellant.

Russell J. Thomas, Jr. (argued), Arnold Ordman, Gen. Counsel, Dominick L.

1. In 1961, when he first received the disability benefits, Lind was diagnosed as a chronic schizophrenic with reactions of the paranoid type who also suffered from heart trouble in the form of angina pectoris. In 1964, however, there was no evidence of a heart condition and his paranoia was in remission. He had a passive-dependent type of approach to life.

2. One doctor noted that Lind was not mentally retarded and could manage his own funds. Although several physicians believed that Lind's schizophrenia with a paranoiac reaction in partial remission was permanent, one distinguished psychiatrist expressed the opinion that Lind could work in a restricted environment where there was a minimum of social contact. She stated that "[i]f motivation could be achieved to some degree, Mr. Lind, because of his capacity to reason and plan and pursue such planning should have many years of productivity left to pursue."